UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ARMANDO HERNANDEZ,

                              Plaintiff,

   -against-

VILLAGE OF PLEASANTVILLE,

                            Defendant.
------------------------------------------------------------X

**COMPLAINT**
**PLAINTIFF**
**DEMANDS A**
**JURY TRIAL**

**08 CIV. 4525**
**BRIEANT**

Plaintiff, **ARMANDO HERNANDEZ**, by his attorneys, Law Offices of **ROBERT DAVID GOODSTEIN, ESQ.**, complaining of defendant, **VILLAGE OF PLEASANTVILLE**, alleges as follows:

1. This is an action brought pursuant to the Family and Medical Leave Act of 1993. Jurisdiction of this Court is established pursuant to 29 U.S.C. §2617(a)(2) which permits an action to recover damages or equitable relief in any Federal Court of competent jurisdiction by any one or more employees for a violation of said Act.

**PARTIES**

2. Plaintiff, ARMANDO HERNANDEZ, resides at Ossining, New York 10562.

3. Defendant, VILLAGE OF PLEASANTVILLE, with offices at 80 Wheeler Avenue, Pleasantville, New York 10570, is an employer subject to the Family and Medical Leave Act of 1993, 29 U.S.C. §2618(1). On information and belief, defendant, MUNICIPAL CORPORATION, is engaged in commerce, or in industry or activity affecting commerce, and employs 50 or more workers for each working day during each of 20 or more calendar work weeks in the current or

-1-

preceding calendar year. On information and belief, defendant, VILLAGE OF PLEASANTVILLE, employed plaintiff, ARMANDO HERNANDEZ, at a work site where it employed more than 50 employees.

4. Plaintiff, ARMANDO HERNANDEZ, is an eligible employee as defined under the Family and Medical Leave Act of 1993, in that he was employed by defendant for at least 12 months prior to her request for leave, and he worked at least 1,250 hours with said defendant during the previous 12 month period. 29 U.S.C. §2618(2).

## FACTS

5. Plaintiff, ARMANDO HERNANDEZ, began his employment with VILLAGE OF PLEASANTVILLE in or about March 12, 2006. This employment continued without break until the date of his termination on April 14, 2008. During that time, plaintiff's work performance was always satisfactory.

6. Plaintiff was injured in the job on February 20, 2008. On March 12, 2008, plaintiff had been employed for one year: By Doctor's Report dated March 24, 2008, Defendant was informed Plaintiff suffered a Lateral Meniscal Tear. ( A copy of the Doctor's Report is Exhibit #1). This condition qualified as a "serious health condition" pursuant to the Family and Medical Leave Act.

7. Instead of placing Plaintiff on FMLA Leave effective March 24, 2008, the Defendant by letter dated, April 8, 2008, extended Plaintiff' New York State Civil Service probationary period and April 14, 2008, terminated Plaintiff because of his injury. ( A copy of Plaintiff's employment letter, probation extension, and termination letter are annexed as Exhibits #2, #3, and #4.)

8. By Doctor's note dated, April 22, 2008, Defendant was informed Plaintiff could return to work full duty.

9. Accordingly, plaintiff, ARMANDO HERNANDEZ, was entitled to a leave of absence pursuant to the Family and Medical Leave Act of 1993, for a total of 12 work weeks.

10. On or about February 20, 2008, Plaintiff was injured on the job, when he hurt his knee, which left Plaintiff disabled and caused him to stop working. Plaintiff was out of work between six or nine weeks, during which time Plaintiff was seen at least twice by a medical professional, until April 14, 2008, when he was terminated. Defendant knew Plaintiff remained out six or nine weeks and was twice seen by a medical professional. This condition qualified as a "serious health condition" pursuant to the Family and Medical Leave Act ("The Act"). Thus, his illness qualified as a serious health condition. Pursuant to a medical provider, defendant knew of plaintiff's course of treatment. Defendant should have but did not place plaintiff on FMLA Leave. Plaintiff is entitled to all the protections of the Act, despite defendant's failure to place plaintiff on FMLA leave. Burnett v. LFW Inc d/b/a Habitat Co., ___ F3rd ___ (7th Cir 2006.) Plaintiff was eligible to return to work and was entitled to be restored to his equivalent position as required by the FMLA.

11. Because of the nature of Plaintiff's medical condition, he provided such notice as was practicable to the employer. Such actual notice was given and medical documentation was also given to Defendant.

12. The actions of defendant complained of in both the First and Second Causes of Actions are willful violations of 29 U.S.C. §2615, and 29 C.F.R. §825.203.

13. Plaintiff demands a jury trial on all Causes of Actions.

## AS AND FOR A FIRST CAUSE OF ACTION

14. Although plaintiff, ARMANDO HERNANDEZ, remained in constant contact with defendant regarding his work condition, he was terminated on April 14, 2008.

15. By denying plaintiff his leave period, and terminating Plaintiff, pursuant to 29 U.S.C. §2612, and 29 C.F.R. §825.112, §825.114, §825.203, §825.208, and §825.220 defendant has violated 29 U.S.C. §§2615, 2614 and 2617.

## AS AND FOR A SECOND CAUSE OF ACTION

16. Plaintiff, ARMANDO HERNANDEZ, was entitled to leave which could not be utilized to terminate his employment (29 U.S.C. §§2612 and 2617, 29 C.F.R. §825.203).

17. Accordingly, defendant has violated the Family and Medical Leave Act of 1993, by interfering with plaintiff's right to leave under 29 U.S.C. §§2615 and 2617 and, by terminating his, in violation of 29 U.S.C. §§2615 and 2617.

**WHEREFORE**, plaintiff demands judgment against defendant as follows:

**On the First Cause of Action:**

(1) An amount equal to the wages of Plaintiff between April 22, 2008 to date.

(2) Interest on the above described amount calculated at the prevailing rate.

(3) An additional amount as liquidated damages equal to the sum of the amount described above including interest.

(4) Employment reinstatement.

(5) Reasonable attorneys' fees pursuant to 29 U.S.C. §2617.

(6) Reasonable expert witness fees and other costs of the action pursuant to 29 U.S.C. §2617.

**On the Second Cause of Action:**

(1)     All wages, salary, employment benefits or other compensation denied or lost to plaintiff from April 22, 2008, to date.

(2)     The interest on the amount described above calculated at the prevailing rate.

(3)     An additional amount of liquidated damages equal to the sum of the amount described together with interest at the prevailing rate.

(D)     Employment reinstatement.

(E)     Reasonable attorneys' fees pursuant to 29 U.S.C. §2617.

(F)     Reasonable expert witness fees and other costs of the action pursuant to 29 U.S.C. §2617, together with such other and further relief as to the Court seems just and proper.

DATED:     New Rochelle, New York
            May 9, 2008

                                    Law Office of
                                    ROBERT DAVID GOODSTEIN, ESQ.

                                    BY: _____
                                    Robert David Goodstein (RDG5443)
                                    Attorneys for Plaintiff
                                    **ARMANDO HERNANDEZ**
                                    56 Harrison Street, Suite 401
                                    New Rochelle, New York  10801
                                    (914)632-8382